VIRGIL J. BAILEY and W. J. CHIAPELLA, Co-administrators of ESTATE OF C. B. BRUBAKER, deceased, and FLORENCE BUCKLEY, E. J. BRU-BAKER, ORAN E. BRUBAKER, and WILLIAM S. BAILEY, heirs and next of kin of C. B. BRUBAKER, deceased, Appellees, v. JAMES W. BRISTER, Appellant.—353 S. W. (2d) 564.

Western Section. July 28, 1961.

Petition for Certiorari Denied by Supreme Court, February 8, 1962.

Strauch & Jones, Memphis, for appellant.

Chiapella & Parish, Memphis, for appellees.

BEJACH, J. In this cause, Virgil J. Bailey and W. J. Chiapella, as co-administrators of the estate of C. B. Brubaker, deceased, and Florence Buckley, H. J. Brubaker, Oren E. Brubaker and William S. Bailey, as heirs and next of kin of C. B. Brubaker, deceased, brought suit on June 16, 1960 seeking specific performance of an alleged contract to settle a pending lawsuit brought by J. W. Brister against the estate of C. B. Brubaker, deceased. The case which it is claimed was settled by letter of Strauch & Jones dated October 22, 1959, written to Mr. W. J. Chiapella, was that of Brister v. Estate of Brubaker and Heirs of C. B. Brubaker, Deceased,—which case is now reported in 336 S. W. (2d) 326, and 47 Tenn. App. 150. That case was, on October 22, 1959, pending, on writ of error, in the Court of Appeals of Tennessee, where it was decided in favor of J. W. Brister on January 27, 1960. Certiorari was denied by the Supreme Court June 6, 1960. The instant case, filed June 16, 1960, was tried to a jury, which returned a verdict in favor of the administrators and heirs of Brubaker's Estate, and the Chancellor entered a decree in their favor which divested out of J. W. Brister title to

the land which had been awarded to him in the reported case referred to above. Motion for a new trial was duly made and overruled, after which an appeal was perfected to this court. For convenience, the parties will be referred to, as in the lower court, as complainants and defendant, or called by name.

In this court, as appellant, defendant has filed eleven assignments of error. We deem it unnecessary to enumerate them, or to discuss them separately in this opinion. The assignments which complain because the Chancellor erred in submitting to the jury the issue of fact, "Did the parties through their counsel enter into a contract to settle the case of James W. Brister vs. Virgil J. Bailey, et al., cause No. 60141 while said cause was pending in the Court of Appeals?", which issue the jury answered, "Yes", are in our opinion, amply sufficient to cover the main contention of defendant. This is, that the cause did not involve an issue of fact to be decided by the jury, but only an issue of law, which should have been decided by the Chancellor in favor of defendant. We agree with this contention of defendant, and are of opinion that the cause should have been withdrawn by the Chancellor from the jury and dismissed.

The alleged contract of settlement, specific performance of which was sought and obtained in the lower court, is set out in a letter dated October 22, 1959, written by Mr. Irving M. Strauch, counsel for J. W. Brister, to Mr. W. J. Chiapella, one of the administrators of the Brubaker Estate and counsel for the heirs of that estate. Said letter is, as follows:

"October 22, 1959

"Mr. W. J. Chiapella
"Home Federal Building
"Memphis 3
"Tennessee

"Dear Buddy:

"In accordance with our conversation, I am advising you that we will accept in settlement of the case of Brister vs. Brubaker the sum of $850.00 and your client paying one-half (½) of all the court costs in this matter.

"Yours very truly,
"Irving M. Strauch (signature)
"Irving M. Strauch"

It is the theory of complainants that this letter of October 22, 1959 constituted a contract of settlement. On the other hand, it is the contention of the defendant that this letter was merely a part of negotiations between counsel for the respective parties, and constituted merely an offer which was later withdrawn before it was accepted. It is also the contention of defendant that even if this offer had been accepted before it was withdrawn, the agreement thus arrived at would have been a conditional agreement, subject to approval of the Brubaker heirs, and subject, also, to obtaining a rezoning of the land which was the subject matter of the lawsuit to be compromised. The complainants had, about that time, contracted with one Charles W. Flowers, Sr. to sell this land and other land which is not involved in this lawsuit,—which contract was conditioned on obtaining a rezoning of the land. It is conceded by complainants

that the $850.00 to be paid to defendant was to be paid out of the proceeds of the sale to Flowers; and it is contended that the rezoning condition was applicable as between the Brubaker heirs and Flowers, only. The approval of the Brubaker heirs which was to be obtained was, according to their contention, limited to the question of whether the $850.00 should be paid to defendant by the administrators, without waiting for closing of the deal with Flowers.

Other correspondence material to the issues here involved includes the following:

Under date of November 2, 1959, Chiapella, Kirkpatrick, Rhodes and Watson replied to Strauch & Jones' letter of October 22, 1959, as follows:

"November 2, 1959

"Mr. Irving M. Strauch
"Attorney at Law
"81 Madison Building
"Memphis, Tennessee

"Dear Irving:

"I acknowledge your letter of October 22, 1959.

"I am waiting for confirmation from each of these heirs and then we will dispose of this case. As you may have heard, one of the heirs died, so now I am having to deal with the beneficiaries of that one.

"Very truly yours,
"Chiapella, Kirkpatrick, Rhodes
& Watson by B. Chiapella"

Under date of November 17, 1959, Strauch & Jones wrote to Mr. W. J. Chiapella, Attorney, as follows:

"Mr. W. J. Chiapella, Attorney
"Home Federal Building
"Memphis 3
"Tennessee

"Re: Brister vs. Brubaker, et al.
No. 60141 R.D. Chancery Court
Court of Appeals,—Shelby Equity

"Dear Buddy:

"I regret to advise you that Mr. J. W. Brister has now withdrawn his offer to settle, and will not accept the settlement figure we have previously talked about. I am sorry to have to advise you of this.

"Yours very truly,
"Strauch & Jones
"Irving M. Strauch"

To the letter of November 17, 1959, Chiapella, Kirkpatrick, Rhodes & Watson replied as follows:

"November 19, 1959

"Mr. Irving M. Strauch
"Attorney at Law
"81 Madison Building
"Memphis 3, Tennessee

"Re: Brister vs. Brubaker, et al.
No. 60141 R.D., Chancery Court,
Court of Appeals—Shelby Equity

"Dear Irving:

"I acknowledge receipt of your letter of November 17, 1959. As you know, we have long ago ac-

cepted your offer of settlement and have acted accordingly to our prejudice, including the negotiation of a binding contract for the sale of this property, and advising the Clerk of the Court that the case had been settled.

"I have forwarded a check to the co-administrator for counter-signature and upon receipt of same, I will tender the check to you along with an order dismissing this cause for entry in the Court of Appeals.

"Very truly yours,
"Chiapella, Kirkpatrick, Rhodes & Watson by W. J. Chiapella

"Cc. Miss Lucile Myers, Mr. Virgil J. Bailey, Mrs. Florence Buckley, Mr. H. J. Brubaker, Mr. Oren Brubaker."

Under date of November 20, 1959, Strauch & Jones wrote to Mr. W. J. Chiapella, as follows:

"November 20, 1959

"Mr. W. J. Chiapella
"Attorney at Law
"Home Federal Building
"Memphis 3, Tennessee

"Re: Brister vs. Brubaker Estate
Court of Appeals—Shelby Equity

"Dear Mr. Chiapella:

"Your note of November 19, 1959 received, and contents noted, and not approved.

"I do not know what prompted your letter, and I shall be charitable in my statement to you. The offer of settlement had never been accepted, and was withdrawn previous to the offer being accepted. Under the circumstances, I know of nothing that you did, and I am hereby advising you, with a copy to the Court of Appeals, that I will never sign and order dismissing this cause in that Court.

"Yours very truly,
"Straugh & Jones
"Irving M. Strauch

"Cc: Miss Lucile Myers, Clerk Court of Appeals, Jackson, Tennessee"

Under date of November 3, 1959, Chiapella, Kirkpatrick, Rhodes & Watson had written to Miss Lucile Myers, Clerk of the Court of Appeals at Jackson, Tennessee, as follows:

"November 3, 1959

"Miss Lucile Myers
"Court of Appeals
"Jackson, Tennessee

"Re: Brister vs. Brubaker Estate, Shelby Eq.

"Dear Miss Myers:

"I received your notice of the setting of the above case for November 24, 1959. Mr. Irving Strauch, attorney for Mr. Brister, and I are negotiating an amicable disposition of this matter which I anticipate

will be terminated prior to the hearing on November 24th.

"As soon as confirmation is obtained I will advise you so that the case may be dropped and proper order entered.

> "Very truly yours,
> "Chiapella, Kirkpatrick, Rhodes & Watson by

"Cc. Mr. Irving Strauch"

Under date of December 14, 1959, Strauch & Jones wrote to Miss Lucile Myers, Clerk of the Court of Appeals, as follows:

> "December 14, 1959

"Miss Lucile Myers, Clerk
"Court of Appeals
"Jackson, Tennessee

> "Re: Brister vs. Brubaker, et al.,
> —Shelby Equity

"Dear Miss Myers:

"I regret that it is necessary for me to answer the letter of my adversary written to you under date of December 11, 1959, but I must do so. The following facts are incorrect as set out in said letter:

"(a) There was never any settlement of this case, and our client has never rinigged on any settlement.

"(b) We know of no contract that was entered into pending the hearing of this case.

"We do not want any postponement, but want an early adjudication, and since Mr. Strauch will be out of the city on December 21, 1959, if it is agreeable with Mr. Chiapella, we would like to submit the matter to the Court without argument, since neither he nor I can be present.

> "Yours very truly,
> "Strauch & Jones
> "Joe Jones

Cc Mr. W. J. Chiapella, attorney, Home Federal Building, Memphis, Tenn."

Under date of December 11, 1959, Mr. W. J. Chiapella had written to Miss Lucile Myers, Clerk, as follows:

> "December 11, 1959

"Miss Lucile Myers, Clerk
"Court of Appeals
"Jackson, Tennessee

> "Re: Brister vs. Brubaker, et al.,
> Shelby Equity

"Dear Miss Myers:

"I acknowledge receipt of copy of letter dated December 10, 1959 addressed to you by Mr. Joe Jones of Strauch & Jones.

"I must insist that this case remain on the docket as presently scheduled for hearing and argument December 21, 1959.

"This case, as you know, previously was dropped from the Docket as the result of a settlement of the matter with Mr. Strauch, whose client has now reneged on the settlement.

"As a result of the settlement we entered into a valid contract for the sale of the property and are being threatened with a suit for damages upon our failure to close the contract within the time limit prescribed.

"I regret that Mr. Strauch finds it impossible to be there, but I too am making great sacrifices to arrange my affairs to be present.

"Further, Mr. Strauch had previously approached me on the proposition of submitting this matter to the court without argument so that I further can see no merit in his present position as expressed in his letter of December 10th. Accordingly I again insist that no delay or postponement of this matter be made.

"Very truly yours,
"Wilbur J. Chiapella

"Cc Strauch & Jones"

It is insisted by complainants that on November 17, 1959, the date of the letter from Strauch & Jones, withdrawing the offer to settle, the Memphis Planning Commission had approved a rezoning of the land involved, which fact was known to Mr. J. W. Brister, the defendant, which in turn caused him to have his attorney write the letter of withdrawal. On behalf of defendant it is claimed that the offer of settlement had been orally withdrawn a day or two earlier, and that the letter of November 17, 1959 was merely in confirmation of such oral withdrawal. We consider both of these contentions immaterial, the ultimate test being whether the letter of October 22, 1959, itself, constituted a contract, or was

merely a part of negotiations looking toward the entering into a contract of settlement. Our conclusion is that it was only a part of negotiations, looking towards the making of a contract; and, in our opinion, this conclusion is demonstrated by the acts and expressions of the parties, themselves, as set out in the above quoted correspondence. The practical interpretation of a contract by the parties thereto is entitled to great, if not controlling influence, and will be adopted by the courts. State ex rel. College of Bishops of M. E. Church, South v. Board of Trust of Vanderbilt Univ., 129 Tenn. 279, 164 S.W. 1151; Fidelity-Phenix Fire Ins. Co. of N. Y. v. Jackson, 181 Tenn. 453, 181 S. W. (2d) 625; Yowell v. Union Cent. Life Ins. Co., 141 Tenn. 70, 206 S. W. 334; Canton Cotton Mills v. Bowman Overall Co., 149 Tenn. 18, 257 S. W. 398; Sherman v. Cate, 159 Tenn. 69, 16 S. W. (2d) 25; American Barge Line Co. v. Jones and Laughlin Steel Corp., 179 Tenn. 156, 163 S. W. (2d) 502; Womble v. Walker, 181 Tenn. 246, 181 S. W. (2d) 5; Neubert v. Messer, 15 Tenn. App. 210; Frierson v. Internat'l Agr. Corp., 24 Tenn. App. 616, 148 S. W. (2d) 27; Earle v. Ill. Cent. R. Co., 25 Tenn. App. 660, 167 S. W. (2d) 15; 317 U. S. 680, 63 S. Ct. 161, 87 L. Ed. 546; Duncan v. Peebles, 28 Tenn. App. 592, 192 S. W. (2d) 235.

On this rule of interpretation, Williston on Contracts, at Section 623, says:

"The interpretation given by the parties themselves to the contract as shown by their acts will be adopted by the court, and to this end not only the acts but the declarations of the parties may be considered."

Among the authorities cited by Williston for this statement is: State etc. v. Board of Trust of Vanderbilt Univ., 129 Tenn. 279, 164 S. W. 1151.

■ We think the same rule for interpretation of contracts is applicable to negotiations of the parties prior to entering into a contract; and, tried by this test, it is clear to us that defendant's counsel, in writing the letter of October 22, 1959, was merely negotiating for a contract of settlement, rather than entering into one at that time. The letter of complainant's counsel, written in reply thereto under date of November 2, 1959, is equally clear in confirmation of this conclusion. When that letter said, "I am waiting for confirmation from each of these heirs, and then we will dispose of this case", the conclusion is inescapable that counsel was waiting for such confirmation before accepting the offer contained in the letter of October 22, 1959. Also, when the letter of November 2, 1959 said, "As you may have heard, one of the heirs died, so now I am having to deal with the beneficiaries of that one", it is equally clear that counsel for defendant was being advised that there might be an indefinite delay before acceptance of his offer of October 22, 1959. The conclusions to be drawn from this letter also destroy the very theory on which counsel for complainants seeks to prevail; because, it being conceded that the $850.00 referred to in the letter of October 22, 1959, was to be paid out of the proceeds of the sale to Flowers, the consummation of that deal might depend on the will and pleasure of the heirs of the deceased Brubaker heir, and thus make the entire transaction a contingent one. Furthermore, the letter of November 19, 1959, written in reply to defendant's letter of November 17, 1959, withdrawing the offer of settle-

ment, shows that the letter of October 22, 1959 was considered and treated as an offer, and not as a binding contract. To make the matter conclusive, however, counsel for complainants, in the letter of November 3, 1959 to Miss Lucile Myers, Clerk of the Court of Appeals, said, "Mr. Irving Strauch, attorney for Mr. Brister, and I are *negotiating* (emphasis ours) an amicable disposition of this matter." Thereafter, on December 21, 1959, the lawsuit which complainants now contend was compromised on October 22, 1959, was submitted to this court for adjudication. It was decided by this court on January 27, 1960, and, thereafter, counsel for complainants in the instant case, who were defendants in the former case, filed a petition for certiorari with the Supreme Court, which was denied June 6, 1960. It was not until after that date, to wit, on June 16, 1960 that the claim was asserted by suit filed in the instant case, that the lawsuit finally decided by denial of certiorari on June 6, 1960, had been settled by compromise on October 22, 1959. If practical interpretation of the negotiations of the parties themselves is ever to be applied as a controlling guide, the instant case presents an ideal one for application of that principle. Tried by that principle, the documentary evidence, about which there can be no dispute, is conclusive against complainants in the instant case, and conclusive in favor of defendant. Construction of these documents was the function of the Chancellor in the lower court, and not of the jury. On appeal, it becomes the function of this court. Our conclusion is that, when properly construed, it is clear that defendant's letter of October 22, 1959 was merely an offer of settlement which defendant had a perfect right to withdraw at any time before accept-

ance of same, and which he did so withdraw by the letter of November 17, 1959.

■ With this construction applied, there was no contract of settlement, specific performance of which could be applied for in the instant case. Consequently, the trial court should have ruled, as a matter of law, that there was no contract of settlement, should have withdrawn all issues from the jury, and should have dismissed complainants' suit.

It results that, in this court, the decree of the lower court will be reversed, and the complainants' suit for specific performance dismissed. The costs of the cause, including those of the lower court, as well as those of the appeal, will be adjudged against the complainants and their surety on the cost bond filed in the lower court.

Avery, P. J. (W. S.) and Carney, J., concur.